**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DELMA DAVIS,
D.O.C. # 041363,**

    **Plaintiff,**

vs.     Case No. 4:17cv156-MW/CAS

**BERTILA SOTO, and
KATHERINE FERNANDEZ RUNDLE,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On April 3, 2017, a complaint was submitted to this Court by Plaintiff Delma Davis. ECF No. 1. Plaintiff is incarcerated in the Florida Department of Corrections and is currently housed at Jefferson Correctional Institution.[1] ECF No. 1 at 6. Plaintiff paid the $400.00 filing fee at the time of case initiation. ECF No. 1. The complaint has been reviewed as required by 28 U.S.C. § 1915A(a). In addition to the many deficiencies of the complaint, it is frivolous and fails to state a claim.

---

[1] Plaintiff was convicted in 1990 and sentenced to life. ECF No. 1-2 at 18-20.

First, the Local Rules of this Court provide that a pro se litigant must file a civil rights complaint on an approved form which will be provided "without charge from the Clerk" of this Court. N.D. Fla. Loc. R. 5.7(A). "A case is a civil rights case if it asserts a claim under the United States Constitution of a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964." *Id.* "The Court need not - and ordinarily will not - consider a petition, motion, or complaint that is not filed on the proper form." *Id.* Plaintiff's complaint seeks remedy for "civil rights violations committed by government actors," ECF No. 1 at 3, but is not on a civil rights complaint form. It is, therefore, deficient as filed.

Second, Plaintiff contends that his name, Delma Davis, "is a registered trade name/business entity . . . ." ECF No. 1 at 2. Plaintiff contends he is a "private, non-statutory, non-citizen . . . and not a 'person' . . . ." *Id.* at 3. Such contentions are frivolous.

Moreover, an individual person may plead and conduct his or her case personally. However, if Plaintiff is not a citizen and is, instead, a "business entity," Plaintiff must be represented by counsel. Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *see also* National Ind. Theatre v. Buena Vista Distribution, 748 F.2d 602, 609

(11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985) (concluding that § 1654 precludes a non-lawyer sole shareholder from appearing on behalf of a corporation); Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985) (stating that "a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel.").

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear *in propria persona*.

Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867, 867 (1948)(citations omitted). If Plaintiff maintains he is an artificial entity and not a person, then this case must be dismissed because Plaintiff cannot proceed without representation by an attorney.

Although Plaintiff contends his civil rights were violated by government actors, Plaintiff does not provide factual allegations explaining how his rights were violated or what either Defendant did that violated his rights. Plaintiff does not state when any of the violations occurred. Plaintiff

does not explain how each named Defendant is a "state actor." The complaint fails to state a claim.

Moreover, Plaintiff contends Bertila Soto and Katherine Fernandez Rundel "have agreed they are in debt" to Plaintiff for over one hundred eighty-two million dollars. ECF No. 1 at 5. Plaintiff's assertion that the Defendants defaulted on administrative process is frivolous. The Honorable Bertila Soto is Chief Judge of the Eleventh Judicial Circuit in Miami-Dade County, Florida. The other Defendant, Katherine Fernandez Rundle, is the State Attorney for Miami-Dade County, Florida. Plaintiff's purported contract, ECF No. 1-2, is of no legal value. The complaint must be dismissed as frivolous.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it is frivolous and because it fails to state a claim upon which relief may be granted. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk

of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 10, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**